**United States District Court**
For the Northern District of California

E-Filed on: 9/18/09

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., as Broadcast Licensee of the July 5, 2008 UFC #86 Program,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM THUY HO, Individually, and as officer, director, shareholder and/or principal of JADELOR CORPORATION d/b/a THOA CAFÉ, and JADELOR CORPORATION d/b/a THOA CAFÉ,<br><br>    Defendants. | No. C-09-01435 RMW<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>**[Re Docket No. 13]** |

Plaintiff Joe Hand Promotions, Inc.'s motion for default judgment against defendant Kim Thuy Ho and against defendant Jadelor Corporation d/b/a Thoa Café came on for hearing before the court on September 18, 2009. Defendants have not appeared in this action and have not opposed the motion. The court has considered the papers submitted in support of the motion for default judgment. For the foregoing reasons, the court grants the motion for default judgment.

## I. ANALYSIS

Plaintiff alleges that it owns the distribution rights to a pay-per-view program, specifically the UFC #6 program that aired on July 5, 2008. Compl. ¶ 8. The program was unlawfully

intercepted and exhibited by defendants. *Id.* ¶ 18.  Plaintiff filed this action for violation of the Communications Act of 1934, as amended, 47 U.S.C. §605 and 47 U.S.C. §553, et seq.  In this motion, however, plaintiff seeks damages only under Section 605.

Plaintiff requests $10,000 in statutory damages against each defendant for violating 47 U.S.C. § 605(e)(3)(C)(i)(II), $100,000 in enhanced damages against each defendant for willful violation pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and costs and attorneys fees against each defendant in the amount of $680.62 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).  In total, plaintiff seeks an award of $221,361.25.

### 1. Statutory Damages

Section 605(e)(3)(C)(i)(II) provides for a sum of not less than $1,000 or more than $10,000 for each alleged violation of section 605(a), as the court considers just.  "A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants." *Zavala*, 2008 WL 3875272, at *1 (N.D. Cal. Aug. 18, 2008) (citing *Kingvision Pay-Per-View, Ltd. v. Body Shop*, 2002 WL 393091, at *4 (S.D.N.Y. Mar. 13, 2002).

Plaintiff submits evidence that a commercial license for the broadcast would have cost the defendants $750 (for 1-50 seats) or $975 (for 51-100 seats) depending on the number of observed customers (17) or on the fire code occupancy of the restaurant (120). *See* Plaintiff's Affidavit, Ex. D. The court finds that the commercial license for the broadcast would have cost defendants $750 to $975 and approximates the amount of plaintiff's loss.

Alternatively, the court considers the profits made by the defendants.  The plaintiff offers evidence that up to 17 patrons were present at the restaurant. *Id.*  There is no evidence of any advertising associated with the fight.  Plaintiff's investigator reports there was no cover charge. *Id.* Even assuming each patron made a purchase of food and beverage, the profit would be less than the $750-975 loss incurred by plaintiff.

Accordingly, the court finds that statutory damages in the amount if $1,000 is appropriate.

### 2. Enhanced Damages

The court next considers whether to increase damages based on whether the violation was committed willfully and for the purpose of commercial advantage or private financial gain. *See* 47

U.S.C. § 605(e)(3)(C)(ii). Here, there is no evidence that defendants advertised the fight, charged a cover charge or had a minimum purchase requirement. The only sign mentioned by plaintiff's investigatory was one advertise the "Grand Opening." Only 17 patrons were in attendance. Ten television sets were on the premises, but only one third of the televisions captured by plaintiff's video evidence was broadcasting the program. These facts suggest, albeit marginally, that defendants acted willfully for commercial advantage and financial gain.

Maximum damages, however, are not warranted under the circumstances. The cases cited by plaintiff generally awarded enhanced damages in the amount of $5,000 to $10,000, far below the maximum amount that plaintiff requests. Courts in this district, have found an enhancement award of $5,000 proper where there was a modest number of patrons and a cover charge was imposed. *See Garden City Boxing Club, Inc. v. Lan Thu Tran*, C-05-05017, 2006 WL 2691431, at *2 (N.D. Cal. Sept. 20, 2006) (Whyte, J.) (awarding $1,000 in statutory damages and $5,000 in enhancement damages when 40 persons were present at the establishment and patrons were charged a ten dollar cover charge); *Entertainment by J & J, Inc. v. Montecinos*, C-01-4242, 2002 WL 1735384, at *1 (N.D. Cal. July 25, 2002) (Chesney, J.) (also awarding $1,000 in statutory damages and $5,000 in enhancement damages when 35 persons were present at the establishment and patrons were charged a ten dollar cover charge); *Kingvision Pay-Per-View, Ltd. v. Chavez*, C-00-2270, 2000 WL 1847644, at *3 (N.D. Cal. 2000) (Breyer, J.) (similarly awarding $1,000 in statutory damages and a $5,000 enhancement where there was a ten dollar cover charge and forty patrons present for the telecast). Here, although the number of patrons is smaller and no cover charge was imposed, the court finds that $5,000 is an appropriate sum. Plaintiff is entitled to enhanced damages of $5,000.

**3.     Costs and Fees**

Costs and reasonable attorneys' fees are recoverable under section 605(e)(3)(B)(iii). Plaintiff has submitted evidence substantiating the total costs and attorney's fees it seeks, in the amount of $1,361.25. The hours and hourly rates are reasonable. The claimed costs are awarded in full.

**4.     Joint Liability**

Plaintiff has not established that it is appropriate to enter separate default damages awards against each defendant. Defendant Kim Thuy Ho is alleged to be an officer, director, shareholder

and/or principal of defendant Jadelor Corporation d/b/a Thoa Café and the person with supervisory capacity and control over the activities occurring within the establishment. Complaint ¶¶ 7-8. Defendant Jadelor Corporation is alleged to be a sole proprietorship. Complaint ¶13; *but see* Complaint ¶¶11-12 (alleging that Jadelor Corp. is a domestic corporation and a partnership).

A single damages award entered against both defendants is appropriate.

## II. ORDER

For the foregoing reasons, the court grants plaintiff's motion for default judgment. Judgment shall be entered in favor of plaintiff and against defendants Kim Thuy Ho and Jadelor Corporation d/b/a Thoa Café in the amount of $7,361.25 in damages, costs and reasonable attorneys' fees.

DATED: 9/18/09

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
C-09-1435 RMW
TER  4

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

**Yasha Bronshteyn**
Email: yashagbllp@yahoo.com

**Julie Cohen Lonstein**
Email: Info@SignalLaw.com

**Defendants:**

(no appearance)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**     9/18/09                                              TER
                                                         **Chambers of Judge Whyte**